UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | LA CR88-00129 JAK (1);<br>LA CR85-00606 JAK (1) | Date | May 4, 2020 |
|---|---|---|---|

| Present: The Honorable | John A. Kronstadt, United States District Judge |
|---|---|
| Interpreter | N/A |

| Cheryl Wynn | N/A | Amy E. Pomerantz, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Juan Ramon Matta-Lopez | NOT | X | | Mark Windsor | NOT | | X |

| Proceedings: | (IN CHAMBERS) ORDER RE MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(A)(1) (DKT. 485) |
|---|---|

## I. Introduction

Juan Ramon Matta-Lopez ("Defendant"),[1] is serving two consecutive life sentences for convictions arising out of two criminal actions: LA CR85-00606 ("85 Action"), and LA CR88-00129 ("88 Action"). On April 3, 2020, Defendant filed identical motions for compassionate release in the 85 Action and the 88 Action ("Motion"). Dkt. 485; 88 Action, Dkt. 248.[2] Defendant argues that he is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A), because his health conditions, his age and the risks created by the COVID-19 pandemic[3] present "extraordinary and compelling reasons" to modify his sentence. The Government filed identical oppositions to the Motion(s). Dkt. 494; 85 Action, Dkt. 257.

In the 85 Action, Defendant was convicted of all seven counts for which he was indicted: (i) conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1); (ii-v) distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1); (vi) possession with intent to distribute a narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1); and (vii) continuing criminal enterprise, in violation of 21 U.S.C. § 848. The criminal conduct at issue in the 85 Action occurred in or around 1981. Dkt. 498 at 10-11. Defendant was sentenced to a non-parole eligible life sentence for the seventh count,

---

[1] Defendant is known by several names including Juan Ramon Matta, Juan Ramon Matta-Ballesteros, Juan Ramon Ballesteros, Ramon Mata, Ramon Matta, Jose Matta Ballesteros, Jose Lopez, Jose Fernando Lopez-Rojas, Don Jose, Jairos Rios-Fallejo, El Negro, and Bony. Dkt. 498 at 1.

[2] Filings in this action are cited to the docket number. Filings in the 85 Action are cited as "85 Action," followed by the docket number in that action.

[3] The World Health Organization and Centers for Disease Control have used the term "COVID-19" to refer to the disease caused by the novel coronavirus identified in 2019. "Coronavirus" is a generic term that refers to a category of viruses. *See* Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19): Frequently Asked Questions, https://www.cdc.gov/coronavirus/2019-ncov/faq.html (last accessed April 28, 2020). The terms "COVID-19" and "coronavirus" have the same meaning when used in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

to be served concurrently with five consecutive 15-year sentences. Dkt. 494 at 11; Dkt. 494-2 at 4. A final judgment and commitment were entered in the 85 Action on January 16, 1990. Dkt. 494 at 11; Dkt. 494-2 at 4.

In the 88 Action, Defendant was convicted of eleven counts: (i) conspiracy to import a controlled substance, in violation of 21 U.S.C. § 963; (ii) conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1); (iii, vi, viii-xiii) aiding and abetting in the distribution of a controlled substance, in violation of 18 U.S.C. § 2; and (xiv) continuing criminal enterprise, in violation of 21 U.S.C. § 848. Dkt. 494-3 at 1. The criminal conduct at issue in the 88 Action started in or about 1983, and continued until 1985. Dkt. 498 at 31-32. On the seventh count, Defendant was sentenced to a life sentence for which he would be eligible for parole after ten years in custody. Dkt. 494-3 at 1. This life sentence was to be served concurrently with ten consecutive 15-year sentences on the other counts. *Id.* at 3 The life sentence and concurrent terms of imprisonment in the 88 Action, are consecutive to the sentence in the 85 Action. *Id.* at 3. A final judgment and commitment were entered in the 88 Action on March 11, 1991. *Id.* at 1-3.

For the reasons stated in this Order, the Motion is **DENIED**.

II. <u>Analysis</u>

　　A.　　**Legal Standards**

18 U.S.C. § 3582(c)(1)(A) applies to most requests for compassionate release. It permits a person in custody to bring a compassionate release motion after exhausting corresponding administrative remedies:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Prior to the enactment of the First Step Act in 2018, 18 U.S.C. § 3582(c)(1)(A) did not permit a person in custody to bring a compassionate release motion. First Step Act, Pub. L. No. 115-391 § 603(b)(1), 132 Stat. 5194 (2018) (adding the language "or upon motion of the defendant . . . whichever is earlier"). However, as amended, 18 U.S.C. § 3582(c)(1)(A) does not apply to all inmates. Regulations promulgated by the Bureau of Prisons ("BOP") under authority delegated by the Attorney General provide that an earlier statute applies to inmates who are in custody for criminal conduct that occurred prior to November 1, 1987:

> 18 U.S.C. 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date. For inmates whose offenses occurred on or after November 1, 1987, the applicable statute is 18 U.S.C. 3582(c)(1)(A).

28 C.F.R. § 572.40; Control, Custody, Care, Treatment and Instruction of Inmates; Compassionate Release, 59 Fed. Reg. 1238, 1238-39 (Jan. 7, 1994) (invoking authority delegated to the Director of the BOP by the Attorney General to promulgate 28 C.F.R. § 572.40).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The statute referred to in this regulation, 18 U.S.C. § 4205(g), does not permit a person in custody to bring a compassionate release motion on his or her behalf. Only the BOP can do so:

> (g) At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required.

The BOP's Program Statement on compassionate release, which is a guidance document, also states that 18 U.S.C. § 4205(g), and not 18 U.S.C. § 3582(c)(1)(A), applies to those in custody for criminal conduct that occurred prior to November 1, 1987. U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement No. 5050.50 (Jan. 17, 2019), at 6.

    **B.**    **Application**

It is undisputed that the criminal conduct for which Defendant is incarcerated occurred prior to November 1, 1987. The criminal conduct at issue in the 85 Action occurred in or about 1981. Dkt. 498 at 10-11. The criminal conduct at issue in the 88 Action started in or about 1983, and continued until 1985. *Id.* at 31-32. Therefore, the Motion must be denied because Defendant does not have the right to bring it. Only the BOP may do so.

This result, which is in conformance with the aforementioned BOP regulations, is consistent with the statutory language and history. Congress replaced 18 U.S.C. § 4205(g) with 18 U.S.C. § 3582(c)(1)(A) in the Sentencing Reform Act of 1984, Pub. L. No. 98-473 §§ 211, *et seq.*, 98 Stat. 1837 (1984).[4] Section 235(a)(1) of the Sentencing Reform Act of 1984, as amended, provided that -- with certain exceptions that are not relevant here -- the provisions in the act "shall take effect on the first day of the first calendar month beginning [36] months after the date of enactment [and shall only apply to offenses committed after the taking effect of this chapter]." *Id.* § 235(a)(1); Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217 § 4, 99 Stat. 1728 (1985) (changing the effective date from 24 months to 36 months); Sentencing Act of 1987, Pub. L. No. 100-182 § 2(a), 101 Stat. 1266 (1987) (adding the language "and shall only apply to offenses committed after the taking effect of this chapter"); *accord* Release Gratuities, Transportation, and Clothing: Aliens, 68 Fed. Reg. 34,299, 34,300 (June 9, 2003) (In a preamble to a BOP regulation, explaining this non-retroactivity provision.). Because the Sentencing Reform Act of 1984 was enacted on October 12, 1984, 18 U.S.C. § 3582(c)(1)(A) applies only to those in custody whose criminal conduct occurred on or after November 1, 1987. Thus, the statute was prospective, not retroactive.

In light of this statutory language, other courts interpreting 18 U.S.C. § 3582(c)(1)(A) have held that it does not apply to those whose criminal conduct occurred before November 1, 1987. *E.g.*, *United States v. Stewart*, 865 F.2d 115, 118 (7th Cir. 1988); *United States v. Burgess*, 858 F.2d 1512, 1513-14 (11th Cir. 1988); *United States v. Woolum*, No. 5:84-CR-21-TBR, 2020 WL 1963787, at *2 (W.D. Ky. Apr. 23, 2020); *United States v. Moses*, CR No. 14-232, 2019 WL 8500908, at *1 (E.D. Pa. Nov. 22, 2019) (dictum); *United States v. Scarbrough*, No. 1:73-CR-32-HAB, 2019 WL 2482710, at *2 (N.D. Ind. June 14, 2019); *Sims v. Holenchik*, No. 2:08-CV-RGK-MLGx, 2009 WL 1505175, at *2 (C.D. Cal. May 22, 2009) (adopting findings and recommendations of a magistrate judge).

Amendments to 18 U.S.C. § 3582(c)(1)(A) since the Sentencing Reform Act of 1984 was adopted have not changed these limitations on its application. First Step Act, Pub. L. No. 115-391 § 603(b), 132 Stat. 5194 (2018); 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107-273 § 3006, 116

---

[4] The title of the omnibus bill that contained the Sentencing Reform Act of 1984 was referred to as the Comprehensive Crime Control Act of 1984. Pub. L. No. 98-473 § 201. Courts have referred to this statute by using both names.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Stat. 1758 (2002); Economic Espionage Act of 1996, Pub. L. No. 104-294 § 604(b)(3), 110 Stat. 3488 (1996); Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322 § 70002, 108 Stat. 1796 (1994); Crime Control Act of 1990, Pub. L. No. 101-647 § 3588, 104 Stat. 4930 (1990); Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690 § 7107, 102 Stat. 4181 (1988). That the First Step Act expanded the availability of compassionate release does not change this result. It has no provision that amends the longstanding limitation that a person in custody cannot bring a motion on his or her behalf with respect to criminal conduct that occurred prior to November 1, 1987. Pub. L. No. 115-391 § 603.

**III.**     **Conclusion**

For the reasons stated in this Order, Defendant cannot bring the Motion on his own behalf. The relief requested can only be considered through a motion brought by the BOP. Therefore, the Motion is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Deputy Clerk | cw |

cc: