**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Appellee,<br><br>　v.<br><br>JUAN RAMON MATTA-BALLESTEROS, AKA Don Jose, AKA Matta, AKA Jairo Rios Vallejo,<br><br>　　　　Defendant-Appellant. | No.   20-50129<br><br>D.C. Nos.<br>2:88-cr-00129-JAK-1<br>2:88-cr-00129-JAK<br><br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Appellee,<br><br>　v.<br><br>JUAN RAMON MATTA-BALLESTEROS, AKA Don Jose, AKA Matta, AKA Jairo Rios Vallejo,<br><br>　　　　Defendant-Appellant. | No.   20-50130<br><br>D.C. Nos.<br>2:85-cr-00606-JAK-1<br>2:85-cr-00606-JAK |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

---

　　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 10, 2021[**]
Pasadena, California

Before: M. SMITH, MURGUIA, and OWENS, Circuit Judges.

Juan Matta-Ballesteros (Matta) appeals from the district court's denial of his motion for compassionate release. The district court determined that 18 U.S.C. § 4205(g), rather than 18 U.S.C. § 3582(c), applies to Matta because the offenses for which he was convicted occurred prior to November 1, 1987. Because § 4205(g) allows compassionate release only upon motion by the Bureau of Prisons (BOP), the district court denied Matta's motion. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This appeal hinges on which of two statutory provisions governing compassionate release applies to Matta. Section 3582(c)(1)(A), as recently amended by the First Step Act, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018), allows courts to reduce a term of imprisonment either upon motion of the BOP or the defendant, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Section 4205(g), however, allows such modifications only upon motion of the BOP. 18 U.S.C. § 4205(g).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

2

Congress replaced § 4205(g) with § 3582(c) in the Sentencing Reform Act of 1984 (SRA), Pub. L. No. 98-473, § 227, 98 Stat. 1837, 1998 (1984). As initially passed, the SRA was to "take effect on the first day of the first calendar month beginning twenty-four months after the date of enactment," save for a few exceptions inapplicable here. SRA, § 235, 98 Stat. at 2031. Congress then changed the delay period from twenty-four to thirty-six months from the date of enactment. *See* Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217 § 4, 99 Stat. 1728 (1985). Soon after, Congress added clarifying language that the SRA "shall apply only to offenses committed after the taking effect of this chapter." Sentencing Act of 1987, Pub. L. No. 100-182 § 2(a), 101 Stat. 1266 (1987). In sum, "18 U.S.C. 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date [("old law" defendants)]. For inmates whose offenses occurred on or after November 1, 1987 [("new law" defendants)], the applicable statute is 18 U.S.C. 3582(c)(1)(A)." 28 C.F.R. § 572.40.

The First Step Act did not change this two-track regime when it amended the language of § 3582(c). As amended, § 3582(c)(1) reads: "In any case[,] the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant . . . may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1). Matta seizes on the words "in any case," arguing that the plain text of the statute

3

indicates § 3582(c)(1) should now apply to all inmates. But the words "in any case" were not added by the First Step Act; they were present in the SRA as originally enacted. *See* SRA, 98 Stat. at 1998.

"[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Schroeder v. United States*, 793 F.3d 1080, 1083 (9th Cir. 2015) (citation omitted). Affording new law defendants greater access to compassionate release does not rise to the level of absurdity that would justify overwriting a clearly written statute. That inmates in Matta's position—serving non-parolable sentences for pre-1987 offenses—are not eligible for compassionate release because the BOP declines to initiate compassionate release for them may be "harsh," but it is not the product of an absurd statutory scheme, and therefore does not empower us to "rewrite the statute that Congress has enacted." *Dodd v. United States*, 545 U.S. 353, 359 (2005).

Matta contends § 3582(c)(1)(A) should apply to him because Congress's sole intent in making the statute non-retroactive was to avoid *ex post facto* problems with respect to other sections of the SRA. "Even those . . . who sometimes consult legislative history will never allow it to be used to 'muddy' the meaning of 'clear statutory language.'" *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019) (citation omitted). The statutory text here is clear

4

and its straightforward application to Matta does not frustrate Congress's apparent intent.

Finally, Matta argues that Congress impliedly repealed the SRA's non-retroactivity provision in passing the First Step Act. "[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1323 (2020) (citation omitted) (alteration in original). Though the First Step Act was intended in part to expand access to compassionate release, Matta points to no "clearly expressed congressional intent[]," *id.*, in the First Step Act to repeal the non-retroactivity provision of the SRA.

Therefore, § 4205(g) applies to Matta. Because the BOP did not initiate his motion for compassionate release, the district court correctly denied it.

**AFFIRMED.**