**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellant,<br><br>   v.<br><br>JUAN RAMON MATTA-LOPEZ, AKA El Negro, AKA Juan Ramon Matta-Ballesteros,<br><br>        Defendant - Appellee. | No. 25-3402<br><br>D.C. No.<br>2:85-cr-00606-JAK-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellant,<br><br>   v.<br><br>JUAN RAMON MATTA-LOPEZ, AKA El Negro, AKA Juan Ramon Matta-Ballesteros,<br><br>        Defendant - Appellee. | No. 25-3403<br><br>D.C. No.<br>2:88-cr-00129-JAK-1 |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted August 14, 2025
San Francisco, California

Before: RAWLINSON and KOH, Circuit Judges, and FITZWATER, District Judge.**

The United States (the Government) appeals the district court's grant of the motion for compassionate release filed by Juan Ramon Matta-Lopez (Matta-Lopez). Matta-Lopez was convicted for conduct that occurred before the enactment of the Sentencing Reform Act (SRA) on November 1, 1987. Under the pre-SRA statutory scheme, 18 U.S.C. § 4205(g) (the old law), Matta-Lopez is precluded from personally moving for compassionate release.[1] Defendants sentenced under the post-SRA framework, 18 U.S.C. § 3582(c) (the new law), may personally move for compassionate release. *See Matta-Ballesteros*, 843 F. App'x at 893. The district court determined that this discrepancy in the availability of an inmate's ability to move for compassionate release constituted a violation of Matta-Lopez's "Fifth Amendment right to equal protection of the laws." We disagree and reverse.

"The Equal Protection Clause prohibits a state from denying to any person

---

** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

[1] Any motion for compassionate release under the old law must be filed by the Bureau of Prisons (BOP). *See United States v. Matta-Ballesteros*, Nos. 20-50129, 20-50130, 843 F. App'x 892, 893 (9th Cir. Feb. 12, 2021) (unpublished).

within its jurisdiction the equal protection of the laws." *Olson v. California*, 104 F.4th 66, 76 (9th Cir. 2024) (en banc) (citations, alteration, and internal quotation marks omitted). Rational basis review applies because no suspect classifications or fundamental rights are implicated. *See id*. "Under this standard, [a statutory scheme] carries with it a presumption of rationality, and we must uphold it if the legislative means are rationally related to a legitimate governmental purpose." *Id*. at 76–77 (citation and internal quotation marks omitted). "To establish an Equal Protection claim, [Matta-Lopez] must demonstrate that a class that is similarly situated has been treated disparately." *Id*. at 77 (citation and internal quotation marks omitted). "The comparator groups need not be similar in all respects, but they must be similar in those respects relevant to the . . . policy." *Id*. (citation and internal quotation marks omitted). Once comparator groups are identified, Matta-Lopez "must . . . negate every conceivable basis which might support such disparate treatment." *Id*. (citations and internal quotation marks omitted).

Matta-Lopez argues that inmates serving life without the possibility of parole sentences under the old law are similarly situated to inmates serving life sentences without parole under the new law.[2] Assuming, without deciding, that these groups are similarly situated, Matta-Lopez's claim fails because the laws he

---

[2] Under the new law, parole was abolished. Thus, no inmate under the new law may seek parole. *See Mistretta v. United States*, 488 U.S. 361, 367 (1989).

challenges are rationally based.

Matta-Lopez argues that, as applied to him, the statutes are unconstitutional because there is no rational basis for prospectively allowing inmates to personally move for compassionate release, while not allowing a similar path to early release for inmates sentenced under the old law. However, this argument is foreclosed by our precedent. *See United States v. Navarro*, 800 F.3d 1104, 1114 (9th Cir. 2015) (noting that simply because Congress's "reasoning will apply with greater force to some groups of inmates than to others does not invalidate its otherwise-valid decision").

Matta-Lopez has "not met his burden to negat[e] every conceivable basis which might support [Congress's] decision to [make the SRA prospective]." *Id.* (citation and internal quotation marks omitted). The SRA overhauled the indeterminate sentencing model and revised the sentencing process to reflect Congress's desire to reduce disparity in sentencing and "the uncertainty as to the time the offender would spend in prison." *Mistretta*, 488 U.S. at 366. The fact that the resulting sentencing scheme left inmates sentenced under the old law without the ability to personally move for compassionate release does not render the scheme irrational. *See Navarro*, 800 F.3d at 1114 (noting that "[a] classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality") (citation omitted).

Congress acted within its authority in determining that the SRA would apply prospectively. *See Jones v. Cupp*, 452 F.2d 1091, 1093 (9th Cir. 1971) (per curiam). We have long held that "[t]here is noting unconstitutional in a legislature's conferring a benefit on prisoners only prospectively." *Id*. (citation omitted). The provisions of the SRA do not deny Matta-Lopez equal protection under the Fifth Amendment. *See Navarro*, 800 F.3d at 1114.[3]

**REVERSED.**

---

[3] Because our determination that there is no Fifth Amendment violation resolves this case, we need not and do not address the merits of Matta-Lopez's motion for compassionate release. *See United States v. King*, 24 F.4th 1226, 1232 (9th Cir. 2022).